No. 19-3850

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| FREDDIE MCNEILL, JR., | ) |
|     Petitioner-Appellant, | ) ) ) |
| v. | )   O R D E R ) |
| MARGARET BAGLEY, Warden, | ) ) |
|     Respondent-Appellee. | ) ) ) |

**FILED**
May 19, 2020
DEBORAH S. HUNT, Clerk

Before: CLAY, GIBBONS, and GRIFFIN, Circuit Judges.

Freddie McNeill, Jr., an Ohio death row inmate represented by counsel, appeals from a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court granted a certificate of appealability ("COA") for two claims. McNeill has now filed a motion to remand this case to the district court to permit the filing of an amended petition. Margaret Bagley, a warden for the State of Ohio proceeding through counsel, filed a response opposing the motion. McNeill filed a reply.

In 1995, an Ohio jury convicted McNeill of aggravated murder with capital and firearm specifications. The trial court sentenced McNeill to death. McNeill's convictions and sentence were affirmed on direct appeal. *State v. McNeill*, No. 95CA006158, 1997 WL 177635 (Ohio Ct. App. Apr. 1, 1997), *aff'd*, 700 N.E.2d 596 (Ohio 1998).

In 1996, during the pendency of his direct appeal, McNeill filed a petition for post-conviction relief. Without conducting an evidentiary hearing, the trial court denied relief. The Ohio Court of Appeals reversed the decision in part and remanded the case. *State v. McNeill*, 738 N.E.2d 23 (Ohio Ct. App. 2000). The trial court denied relief. The Ohio Court of Appeals affirmed the decision. *State v. McNeill*, No. 01CA007800, 2001 WL 948717 (Ohio Ct. App. Aug. 22, 2001).

The Ohio Supreme Court declined further review. *State v. McNeill*, 758 N.E.2d 1149 (Ohio 2001) (table).

In 2011, McNeill filed an application for leave to file a motion for a new trial and a motion for a new trial. The trial court denied the application. The Ohio Court of Appeals affirmed the decision. *State v. McNeill*, No. 15CA010774, 2016 WL 4426416 (Ohio Ct. App. Aug. 22, 2016). The Ohio Supreme Court declined further review. *State v. McNeill*, 74 N.E.3d 464 (Ohio 2017) (table).

On December 4, 2002, McNeill filed his habeas petition asserting twenty-six grounds for relief. The warden filed a return of writ. McNeill filed a traverse. On July 30, 2012, the court held the habeas proceedings in abeyance to permit the exhaustion of claims related to the discovery of new evidence.

The case resumed on August 25, 2017. On July 9, 2018, over the warden's objections, the court granted McNeill's motions to expand the record and to amend his petition. On September 6, 2018, McNeill filed an amended petition asserting twenty-seven grounds for relief. The warden filed a return of writ. McNeill filed an amended traverse. The warden filed a sur-reply. On August 26, 2019, the court denied the petition and entered judgment two days later. The district court certified two claims for appeal.

McNeill has now filed a motion to remand this case. He explains that he seeks to amend his habeas petition with a new claim asserting the ineffective assistance of trial counsel for failing to investigate and develop an alibi defense by when counsel ignored McNeill's request to interview a potential witness named Marko Roseboro. McNeill submits that the new claim was not raised on state post-conviction review and, in *White v. Warden*, 940 F.3d 270, 275–78 (6th Cir. 2019), *petition for cert. filed,* ___ U.S.L.W. ___ (U.S. Feb. 13, 2020) (No. 19-1023), this court held that Ohio litigants could invoke *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), to assert the ineffective assistance of post-conviction counsel for failing to raise an ineffective assistance of trial counsel claim during the initial state post-conviction proceedings.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the "courts defining 'second or successive' generally apply abuse of the writ decisions, including those decisions that predated AEDPA." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). The abuse of the writ doctrine provides that "a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Id*. (quoting *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)).

We construe McNeill's remand motion as an application for permission to file a successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). McNeill seeks a remand to file an amended petition raising a new claim. "[A] motion to amend that seeks to raise habeas claims is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired." *Moreland v. Robinson*, 813 F.3d 315, 324 (6th Cir. 2016).

McNeill must satisfy one of two requirements under 28 U.S.C. § 2244(b). For the first requirement, McNeill must "show[] that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). He cannot. The *White* decision is not Supreme Court precedent, and neither *Martinez* nor *Trevino* created a new rule of constitutional law. *Moreland*, 813 F.3d at 326.

As to the second requirement, McNeill must demonstrate that the factual predicate upon which he relies "could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i). McNeill acknowledges that he sought the removal of trial counsel because they did not adequately investigate his alibi defense before the start of trial. In his affidavit, Roseboro stated that he would have spoken with the defense had they contacted him. The factual predicate was not only discoverable but readily apparent before McNeill filed this motion. Because McNeill cannot show that the factual predicate could not have been discovered previously through due diligence, it is not necessary to determine whether this new evidence "would be sufficient to establish by clear and convincing evidence that, but for constitutional error,

No. 19-3850
- 4 -

no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

    McNeill's motion to remand, construed as an application for permission to file a second or successive habeas petition, is **DENIED**.

                                          ENTERED BY ORDER OF THE COURT

                                          Deborah S. Hunt, Clerk